UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
EVA HENDERSON,                                                                                 Civil Action No.: 22-cv-3513

                      Plaintiff,                                                         **COMPLAINT**

    - against -

GEICO, CHRISTOPHER KORKIDIS, and ERIN STEIN,

                      Defendants.
------------------------------------------------------------------------x

      Plaintiff EVA HENDERSON, by and through her attorney, Joseph S. Fritzson, Esq., from J.S. FRITZSON LAW FIRM, P.C., for her Complaint, respectfully alleges the following:

## NATURE OF ACTION

    1. In this action, Plaintiff seeks judgment against Defendants for their violations of Section 105(a)(1-2) of the Family and Medical Leave Act, Section 12112(a) of the Americans with Disabilities Act, Section 296(1)(a, h) of New York Executive Law, and Section 623(a)(1) of the Age Discrimination in Employment Act of 1967.

## THE PARTIES

    2. Plaintiff EVA HENDERSON is a resident of the State of New York, County of Suffolk.

    3. Defendant GEICO is the former employer of Plaintiff and maintains a place of business in the State of New York, County of Nassau.

    4. Defendant CHRISTOPHER KORKIDIS is an employee of Defendant GEICO and served as Plaintiff's director.

    5. Defendant ERIN STEIN is an employee of Defendant GEICO and served as Plaintiff's manager.

## JURISDICTION AND VENUE

    6. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331

because the subject matter arises under the Constitution and laws of the United States.

7. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in this district.

**FACTUAL BACKGROUND RELEVANT TO PLAINTIFF'S CAUSES OF ACTION**

8. Plaintiff was first employed by Defendant GEICO on or about December 6, 2010 as a Personal Injury Protection (PIP) examiner.

9. During the course of her employment, Plaintiff received numerous raises as she performed what was instructed to her and often covered communications for her coworkers as well.

10. Despite Plaintiff's admirable performance, Plaintiff was admonished for leaving the offices later than 4:30 p.m. when her delayed exit was due to system crashes and client calls that ran longer than anticipated.

11. Defendant ERIN STEIN and Nicole Mohan, Plaintiff's supervisor, falsely accused Plaintiff of acting dishonestly, despite the provision of physical documentation proving otherwise, and Defendant CHRISTOPHER KORKIDIS required Plaintiff to appear to Defendant GEICO's offices daily as a punishment in the midst of the COVID-19 global pandemic.

12. On or about March 2, 2021, Plaintiff reported back to Defendant GEICO's offices and was exposed to COVID-19 as she was placed within three feet of another employee.

13. About a week later, on or about March 9, 2021, Plaintiff informed Defendant ERIN STEIN that she would need to leave early as she felt ill. After meeting with an urgent care physician, Plaintiff informed Defendants that she would require leave under the Family and Medical Leave Act due to the need to quarantine and a significant foot issue. Plaintiff initially did not receive any callback or response until Nicole Mohan eventually sent her the information for such leave.

14. On or about March 25, 2021, while Plaintiff was on medical leave, Defendant ERIN STEIN

and Nicole Mohan initiated a telephone dialogue with Plaintiff in order to badger her and inquire about her medical condition that required the aforementioned leave. When Plaintiff informed Defendants that she was not required to provide such information, Defendant ERIN STEIN advised Plaintiff that her employment could be terminated.

15. The very next day, on or about March 26, 2021, Defendant ERIN STEIN called Plaintiff and informed her that, even though she was still on medical leave, her employment would be terminated if she did not sign in for work. Defendants terminated Plaintiff's employment later that day as Plaintiff did not sign in.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Interference with Rights in Violation of Section 105(a)(1-2) of the Family and Medical Leave Act)

16. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

17. Section 105(a)(1-2) of the Family and Medical Leave Act explicitly states that it is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise his or her rights under the Act and that it is unlawful for any employer to discharge, or in any other manner, discriminate against any individual for opposing any practice that is unlawful under the Act as well.

18. The above facts clearly demonstrate that Defendants attempted to interfere with Plaintiff's exercise of her rights under the Family and Medical Leave Act, as they inquired about Plaintiff's medical condition, demanded that she sign in for work, and terminated Plaintiff's employment simply because she was on an authorized medical leave.

19. Further, Defendants clearly discriminated against Plaintiff as they threatened to terminate Plaintiff's employment for not disclosing the medical conditions that prompted her leave, which

was already authorized at the time of the call. Additionally, Defendants later discharged Plaintiff when she opposed Defendants' demands to sign in for work while on authorized medical leave.

20. Based upon the above intentional interference of Plaintiff's rights and discrimination and termination of employment of Plaintiff for opposing their unlawful practices, it is evident that Defendants violated Section 105(a)(1-2) of the Family and Medical Leave Act.

21. As a result of the foregoing violation of Section 105(a)(1-2) of the Family and Medical Leave Act, Defendants are to provide ONE MILLION DOLLARS ($1,000,000) in damages to Plaintiff as she suffered humiliation, embarrassment, damage to character and reputation, emotional and mental distress, and loss of earnings.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Discrimination in violation of Section 12112(a) of the Americans with Disabilities Act)

22. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

23. Section 12112(a) of the Americans with Disabilities Act states that no entity is to discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employee, employee compensation, job training, and other terms, conditions, and privileges of employment.

24. As discussed above, Defendants clearly discriminated against Plaintiff in regards to her conditions and privileges of employment and discharge. Plaintiff sustained a significant issue with her foot that substantially limited her major life activities and said issue led Plaintiff to require medical leave.

25. While on authorized medical leave, Plaintiff experienced blatant and intentional discrimination as Defendants harassed Plaintiff about her impairment, via the March 25, 2021

telephone dialogue, and later terminated her for exercising her medical leave rights due to the impairment.

26. Based upon the aforementioned harassment and termination of Plaintiff, due to her foot issue that constituted an impairment that substantially limited her major life activities, it is evident that Defendants violated Section 12112(a) of the Americans with Disabilities Act.

27. As a result of the foregoing violation of Section 12112(a) of the Americans with Disabilities Act, Defendants are to provide ONE MILLION DOLLARS ($1,000,000) in damages to Plaintiff as she suffered humiliation, embarrassment, damage to character and reputation, emotional and mental distress, and loss of earnings.

## AS AND FOR A THIRD CAUSE OF ACTION
(**Disability Discrimination in violation of Section 296(1)(a, h) of New York Executive Law**)

28. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

29. 28 U.S.C. § 1367(a) dictates that, in any civil action of which the district courts have original jurisdiction, a district court shall have supplemental jurisdiction over all other claims that are related to claims in the action within such original jurisdiction.

30. Section 296(1)(a, h) of New York Executive Law states that it is an unlawful discriminatory practice for an employer to harass, discharge from employment, and discriminate against an individual in compensation or in terms, conditions, or privileges of employment because of the individual's disability.

31. As discussed above, Plaintiff sustained a significant foot issue that required her to take medical leave.

32. While on her authorized medical leave, Defendants discriminated against Plaintiff regarding the conditions and privileges of her employment by harassing her about her disability

and wrongfully discharged Plaintiff as her termination was due to the invocation of her rights resulting from her disability.

33. Based upon the intentional harassment, discrimination, and discharge from employment, due to the disability stemming from Plaintiff's significant foot issue, it is evident that Defendants violated Section 296(1)(a, h) of New York Executive Law.

34. As a result of the foregoing violation of Section 296(1)(a, h) of New York Executive Law, Defendants are to provide ONE MILLION DOLLARS ($1,000,000) in damages to Plaintiff as she suffered humiliation, embarrassment, damage to character and reputation, emotional and mental distress, and loss of earnings.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Age Discrimination in Violation of Section 623(a)(1) of the
Age Discrimination in Employment Act of 1967)

35. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

36. Section 623(a)(1) of the Age Discrimination in Employment Act of 1967 dictates that it is unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment because of such individual's age.

37. Further, Section 631(a) of the Age Discrimination in Employment Act of 1967 dictates that the Act is to protect those individuals who are at least 40 years of age.

38. At the time of her wrongful termination, Plaintiff was FIFTY-ONE (51) years of age. As such, Plaintiff is entitled to the protections and immunities brought upon by the Age Discrimination in Employment Act of 1967.

39. As Plaintiff was 51 years of age, Defendants cannot deny that Plaintiff's age played a factor

in their decision to wrongfully terminate Plaintiff's employment.

40. Based upon the wrongful termination of Plaintiff, partly because of her age, it is evident that Defendants violated Section 623(a)(1) of the Age Discrimination in Employment Act of 1967.

41. As a result of the foregoing violation of Section 623(a)(1) of the Age Discrimination in Employment Act of 1967, Defendants are to provide ONE MILLION DOLLARS ($1,000,000) in damages to Plaintiff as she suffered humiliation, embarrassment, damage to character and reputation, emotional and mental distress, and loss of earnings.

42. Plaintiff hereby demands a jury trial.

**WHEREFORE**, Plaintiff EVA HENDERSON demands judgment against Defendants GEICO, CHRISTOPHER KORKIDIS, and ERIN STEIN as follows:

A. Compensatory damages on her First, Second, Third, and Fourth Causes of Action in the sum of FOUR MILLION DOLLARS ($4,000,000.00);

B. Attorney's fees, costs, and disbursements of this action; and

C. For such other and further relief as the Court may deem to be just, equitable, and proper.

Dated: Lake Success, New York
       June 15, 2022

J.S. FRITZSON LAW FIRM, P.C.

_____
JOSEPH S. FRITZSON, ESQ.
*Attorneys for Plaintiff*
EVA HENDERSON
1979 Marcus Avenue, Suite 210
Lake Success, New York 11042
(631) 676-7676